**Dated: October 9, 2025**

**The following is ORDERED:**



*Paul R. Thomas*
PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES WYTT BELCHER, | Case No. 24-80319-PRT |
| | Chapter 7 |
| Debtor. | |
| | |
| LUKE HOMEN, CHAPTER 7 TRUSTEE, | |
| Plaintiff, | |
| v. | Adversary Case No. 25-08008-PRT |
| JAMES WYTT BELCHER; | |
| NANCY LEE BELCHER; and | |
| JOSHUA BELCHER, | |
| Defendants. | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Luke Homen, Chapter 7 Trustee, ("Trustee") filed this adversary case pursuant to 11 U.S.C. §§ 362, 541, 542, 543, 544, 549 and 550 seeking damages for violation of the automatic stay, to determine the validity, priority and value of Debtor's interest in real property, to quiet title, declaratory relief, avoidance of postpetition transfer, recovery of avoided transfer

and to compel turnover of property of the estate.[1] Defendants Nancy Lee Belcher and Joshua Belcher, proceeding pro se, each filed an answer.[2] Plaintiff Trustee Luke Homen filed a Motion for Summary Judgment against Nancy Belcher and Joshua Belcher.[3] Neither Nancy Lee Belcher nor Joshua Belcher responded to the Trustee's Motion for Summary Judgment. After review of the record and applicable legal authorities, the Court finds that the Trustee is entitled to summary judgment against Defendants Nancy Belcher and Joshua Belcher.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2).

## Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[4] "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id.* Any inferences to be drawn from the underlying facts

---

[1] Complaint, ECF No. 1.
[2] Amended Answer of Joshua Belcher, ECF No. 23. Answer of Nancy Belcher, ECF No. 26. Debtor and Defendant James Wytt Belcher did not answer the Complaint, and the Court Clerk entered default against him pursuant to Fed. R. Bankr. P. 7055 on July 8, 2025. *See* Clerk's Entry of Default, ECF No. 28.
[3] Plaintiff and Chapter 7 Trustee Luke Homen's Motion for Summary Judgment, with Brief in Support, ECF No. 34.
[4] Fed. R. Civ. P. 56(a), made applicable to this proceeding by Fed. R. Bankr. P. 7056.

must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quotation omitted).[5]

This Court's Local Rule 7056-1 requires that a motion for summary judgment contain

> a concise statement of material facts as to which movant contends no genuine issue exists. Each fact shall be stated in a separately numbered paragraph and shall refer with particularity to those portions of the affidavits, discovery materials, pleadings, or other parts of the record before the Court upon which the movant relies.

The Trustee's Motion for Summary Judgment complies with this Court's Local Rule 7056 as it includes a numbered list of material facts to which he alleges there is no genuine issue, with references to the record and exhibits supporting those facts. Defendants Joshua Belcher and Nancy Belcher failed to respond to the motion for summary judgment.[6] A court may accept non-rebutted evidence as undisputed and true for summary judgment purposes. Fed. R. Civ. P. 56(e); *Tillison v. Trinity Valley Elec. Coop.,* 2005 WL 292423, at *1 (N.D. Tex. Feb. 7, 2005) (citation omitted). Properly supported material facts set forth in a motion for summary judgment are deemed admitted unless specifically controverted by the non-movant. Local Rule 7056-1(B). Accordingly, the Court accepts as true the statement of facts and evidence offered in support of the Trustee's Motion, as set forth below.

## Findings of Fact

1. On April 23, 2025, Trustee commenced this action through the filing of his Complaint. ECF No. 1 (the "Complaint").

2. On June 16, 2025, Joshua Belcher ("Joshua Belcher") filed his Amended Answer

---

[5] *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).
[6] Pro se parties must follow the same rules of procedure that govern parties represented by an attorney. *See Nielsen v. Price,* 17 F.3d 1276 (10th Cir. 1994). The Court "cannot take on the responsibility of serving as [their] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

to the Complaint. J. Belcher Am. Answer, ECF No. 23.[7]

3. On July 1, 2025, Nancy Lee Belcher ("Nancy Belcher") filed her Answer to the Complaint. N. Belcher Answer, ECF No. 26.

4. On July 8, 2025, the Court Clerk entered default against James Wytt Belcher (the "Debtor"). Clerk's Default, ECF No. 28.

5. The Answers to the Complaint filed by Defendants Joshua Belcher and Nancy Belcher do not deny any of the allegations contained within the Complaint, instead denying only the relief requested. J. Belcher Am. Answer, ECF No. 23; N. Belcher Answer, ECF No. 26.

6. Prior to the Petition Date, as hereafter defined, on or about November 20, 2013, the Debtor and Nancy Belcher acquired by joint tenancy warranty deed interest in certain real property more particularly described as follows, to-wit:

> A tract of land beginning at the SW corner of the following described tract: That part of NW/4 of SW/4 lying South of State Highway No. 3 and 7 in Section 3, Township 3 South, Range 12 East, of the Indian Base and Meridian, (LESS AND EXCEPT the following tracts: Beginning at a point 122 feet North and 16.5 feet East of the Southwest corner of the NW/4 of SW/4 of said section, thence East a distance of 100 feet, thence North a distance of 200 feet, thence West a distance of 100 feet, thence South a distance of 200 feet to the point of beginning; and Commencing at the SW corner of the NW/4 of the SW/4, thence N 89°58'40" E a distance of 756.20 feet to the point of beginning, thence continuing East along said line a distance of 322.90 feet to the Southerly right-of-way of State Highway No. 3 & 7, thence N 56°46'31" W a distance of 313.78 feet along the said right of way, thence S 19°20'50" W a distance of 182.35 feet to the point of beginning), said point being the true point of beginning, Thence South a distance of 660 feet along the County Road known as Sawmill Road, thence East 330 feet to a point, Thence North 660 feet to a point, Thence West 330 feet to the point of beginning, being in

---

[7] Joshua Belcher is the son of the Debtor and Nancy Belcher. N. Belcher Answer, ECF No. 26.

all 5 acres, more or less.

(the "Real Property"). The warranty deed was recorded in Book 847 at Page 13 in the office of the County Clerk of Atoka County, Oklahoma (the "County Clerk"), on November 20, 2013. Complaint, ECF No. 1, Ex. 1.

7. Thereafter, the Debtor and Nancy Belcher transferred by quit-claim deed their interest in the Real Property to the James and Nancy Belcher Trust dated October 4, 2018 (the "Trust"). The quit-claim deed was recorded in Book 918 at Page 433 in the office of the County

Clerk, on November 5, 2018 (the "Quit-claim Deed"). Complaint, ECF No. 1, Ex. 2.

8. The Trust is a revocable trust. J. Belcher Am. Answer, ECF No. 23, ¶ 2.

9. The Quit-claim Deed explicitly provides "[t]his Deed is made to a Revocable Trust, wherein the Grantor, Grantee and Trustee are all one and the same. Under Oklahoma law the ownership of this property continues without a break or change of ownership…" Complaint, ECF No. 1, Ex. 2.

10. On March 1, 2022, Nancy Belcher filed a Petition for Dissolution of Marriage against the Debtor in a matter entitled *In re the marriage of Nancy Belcher and James Belcher*, District Court of Choctaw County, State of Oklahoma ("Choctaw County"), Case No. FD-2022-10 (the "Divorce"). Complaint, ECF No. 1, Ex. 3.[8]

11. On June 22, 2022, Choctaw County entered an order (the "Order") which provides "Parties appear by and through counsel and Court grants Divorce based upon

---

[8] "Courts may take judicial notice of proceedings in other courts, including in a state court proceeding, if those proceedings have a direct relation to matters at issue in this case." *In re Levings*, 18-80650-TRC, 2019 WL 1418701, at *2 (Bankr. E.D. Okla. Mar. 27, 2019).

incompatibility and property division should be submitted later." Complaint, ECF No. 1, Ex. 4.

12. On April 30, 2024 (the "Petition Date"), the Debtor filed his Voluntary Petition pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Case No. 24-80319, ECF No. 1 (the "Bankruptcy Case").

13. As of the Petition Date, no pleadings were filed of record in the Divorce subsequent to the Order. Complaint, ECF No. 1, Ex. 3; J. Belcher Am. Answer, ECF No. 23, ¶ 2; N. Belcher Answer, ECF No. 26, ¶ 2.

14. As of the Petition Date, no further instruments or documents relating to the Real Property had been recorded with the County Clerk to include the Order or any other pleading from the Divorce. *See* J. Belcher Am. Answer, ECF No. 23; N. Belcher Answer, ECF No. 26.

15. On May 30, 2024, the Debtor filed a schedule of assets and liabilities pursuant to Section 521(a)(1)(B)(i) of the Bankruptcy Code and Rule 1007(b)(1)(A) of the Bankruptcy Rules ("Schedules"). Bankruptcy Case, ECF No. 69. The Debtor's Schedules disclose the Debtor's joint tenancy interest in the Real Property and do not disclose Nancy Belcher as a creditor. Bankruptcy Case, ECF No. 69, 5.

16. On May 30, 2024, the Debtor filed a statement of the Debtor's financial affairs pursuant to Section 521(a)(1)(B)(iii) of the Bankruptcy Code and Rule 1007(b)(1)(D) of the Bankruptcy Rules ("SOFA"). Bankruptcy Case, ECF No. 72.

17. The Debtor's SOFA represents that the Debtor is married. Bankruptcy Case, ECF No. 72, 2.

18. Moreover, the Debtor's SOFA does not disclose the Divorce, any transfer of or competing interest in the Real Property, nor any transfers or gifts to Nancy Belcher.

Bankruptcy Case, ECF No. 72.

19. On June 6, 2024, pursuant to Section 343 of the Bankruptcy Code, the Debtor appeared and submitted to examination under oath at a meeting of creditors held pursuant to Section 341 of the Bankruptcy Code and Rule 2003 of the Bankruptcy Rules (the "Meeting of Creditors"). Bankruptcy Case, ECF No. 93.

20. At the Meeting of Creditors, the Debtor testified he was married to Nancy Belcher. Complaint, ECF No. 1, Ex. 5:57.

21. Further, when asked if the Debtor and Nancy Belcher ever "divvied up any property as a result of the divorce," the Debtor responded "[n]o, not as far as I know." Complaint, ECF No. 1, Ex. 5:58.

22. On July 3, 2024, the Court entered an Order converting the Bankruptcy Case from a proceeding under Chapter 11 to one under Chapter 7 of the Bankruptcy Code. Bankruptcy Case, ECF No. 145.

23. On July 8, 2024, pursuant to Section 701 of the Bankruptcy Code, the Trustee was appointed bankruptcy trustee in the Bankruptcy Case. Bankruptcy Case, ECF No. 149.

24. On September 30, 2024, the Debtor filed Amended Schedules. Bankruptcy Case, ECF No. 232.

25. The Debtor's Amended Schedules disclose the Debtor's joint tenancy interest in the Real Property and do not disclose Nancy Belcher as a creditor. Bankruptcy Case, ECF No. 232, 6.

26. On September 30, 2024, the Debtor filed an Amended SOFA. Bankruptcy Case, ECF No. 235.

27. The Debtor's Amended SOFA represents that the Debtor is married. Bankruptcy

Case, ECF No. 232, p. 6.

28. Moreover, the Debtor's Amended SOFA does not disclose the Divorce, any transfer of or competing interest in the Real Property, nor any transfers or gifts to Nancy Belcher.

29. On March 31, 2025, an Agreed Decree of Dissolution of Marriage (the "Divorce Decree") was filed in the Divorce, which purports to award the Real Property to Nancy Belcher. ECF No. 1, Ex. 7; ECF No. 23, ¶ 2; ECF No. 26, ¶ 2.

30. On or about April 10, 2025, the Debtor and Nancy Belcher executed, before a notary public, a quit claim deed purportedly conveying the Real Property to Nancy Belcher (the "Post-Petition Deed"). Complaint, ECF No. 1, Ex. 9.

To the extent the Conclusions of Law contain any items that should more appropriately be considered Findings of Fact, they are incorporated herein by this reference.

## Conclusions of Law

In granting summary judgment where there is a failure to respond, a court must determine whether the party seeking summary judgment is entitled to judgment as a matter of law.[9] The issues of law before the Court are whether the Real Property is property of the bankruptcy estate, whether the Trustee may use his "strong-arm powers" under § 544(a)(3) to avoid the Post-Petition Deed and obtain title to the Real Property, and whether the Trustee is entitled to status as bona fide purchaser as to the Real Property.

**The Bankruptcy Estate**

Section 541(a) broadly defines property of the bankruptcy estate:

> The commencement of a case . . . creates an estate . . . comprised of all the following property, wherever located and by whomever held:

---

[9] Fed. R. Civ. P. 56(e)(3).

> (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case.
>
> ***
>
> (2) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553 or 723 of the title.[10]

The uncontroverted facts establish that Debtor James Wytt Belcher held title to the Real Property on the date he filed bankruptcy. The Debtor and Nancy Belcher obtained title to the Real Property in 2013 and recorded a warranty deed in the Atoka County Clerk's office. They transferred the Real Property to the James and Nancy Belcher Trust by Quit-claim Deed, which was recorded in the Atoka County Clerk's office November 5, 2018. On June 22, 2022, the Debtor and Nancy Belcher were granted a divorce in Choctaw County, with the Order stating that the property division should be submitted later. Two years later, the Debtor filed bankruptcy. In his Petition and Schedules, the Debtor included his joint tenancy interest in the Real Property and did not list Nancy Belcher as a creditor. The Debtor testified at his Meeting of Creditors that he was married to Nancy Belcher. He also testified that he did not believe he and Nancy had divided up their property as a result of the 2022 divorce.[11] Nancy Belcher and Joshua Belcher admitted in their Answers that the Real Property was held in a revocable trust by the Debtor and Nancy Belcher and that the Divorce Decree awarding the Real Property to Nancy Belcher was not filed of record until 2025. Therefore, based on these facts and admissions of the Debtor, the Debtor's joint tenancy interest in the Real Property was property of the bankruptcy estate on the date of the Petition.

---

[10] 11 U.S.C. § 541(a)(1) and (3).
[11] *See In re Hardy*, 319 B.R. 5, 7 (Bankr. M.D. Fla. 2004); *In re Oliver*, 414 B.R. 361, 374 (Bankr. E.D. Tenn. 2009) ("Bankruptcy statements and schedules are executed under oath and penalty of perjury, as are statements and testimony given by a debtor at his meeting of creditors.")

## The Trustee's Status as Bona Fide Purchaser

Section 544, known as the "strong-arm provision," grants a trustee with sufficient powers to gather in property of the bankruptcy estate.[12] These powers include giving a trustee the status of a bona fide purchaser of real property, which includes the right to obtain title to property free of certain unrecorded legal or equitable interests. *Morris v. Kasparek (In re Kasparek),* 426 B.R. 332, 343-44 (B.A.P. 10th Cir. 2010). These rights are governed by the laws of the state in which the property is located, that is, Oklahoma law. A bona fide purchaser is subject to Oklahoma's constructive notice law. *In re Neundorf,* 2022 WL 198858, at *5 (Bankr. W.D. Okla. Jan. 13, 2022) (citations omitted). To obtain bona fide purchaser status, a purchaser must take the property with the "absence of notice, actual or constructive, of outstanding rights of others." *Id.* Constructive notice of the rights of others to the property will be imputed if the interest "could be gleaned from an inspection of the state's title recording system as of the moment of the filing the bankruptcy case." *Soulé v. Gragg (In re Harrison),* 503 B.R. 835, 843 (Bankr. N.D. Okla. 2013). Constructive notice is provided if a deed or interest is properly executed and filed of record with the office of the County Clerk of the county in which the real property is located. *See* OKLA. STAT. TIT.16, § 15. A transferee or bona fide purchaser is also charged with a duty to inquire of any rights to the property that may be claimed by any party in possession of the property. *Harrison,* 503 B.R. at 843. Where the person in possession is a record owner of the property, a bona fide purchaser would not be charged with notice of any other undisclosed title or interest the occupant may have. *Schlegel v. Kinzie,* 12 P.2d 223, 225 (Okla. 1932).

---

[12] *See In re Neundorf,* 2022 WL 198858 (Bankr. W.D. Okla. Jan. 13, 2022).

There is no dispute that the Divorce Decree was not filed until March 31, 2025, eleven months after the Petition Date of April 30, 2024, and nine months after conversion to chapter 7. There is no dispute that the Post-Petition Deed purportedly conveying the Real Property solely to Nancy Belcher was not executed until April 10, 2025, nearly a year after the Petition Date. An unrecorded deed would not provide constructive notice to third parties, including a bankruptcy trustee. Thus, since there was nothing filed of record that indicated that the Debtor did not own or have an interest in the Real Property as of the Petition Date, the land records did not provide constructive notice of Nancy Belcher's or Joshua Belcher's claims that would defeat the status of a bona fide purchaser.

Moreover, an inquiry regarding the occupants of the Real Propery would not have placed the Trustee on constructive notice of any adverse claim to the property. The Trustee would have discovered that Nancy Belcher and Joshua Belcher lived in the property, as stated in their Answers. Nancy Belcher's possession of the property was consistent with her interest as a joint tenant and co-owner of the Belcher Trust as recorded in the land records. Joshua Belcher's occupation of the property with his mother was not adverse or inconsistent with the record title. The Trustee would not have been required to make further inquiry of their rights to the property. *Harrison,* 503 B.R. at 843-44. Therefore, the Trustee is entitled to the status of a bona fide purchaser of the Real Property. Using his strong-arm powers as a bona fide purchaser, he steps into the shoes of the Debtor and takes whatever interest the Debtor had in the Real Property as of the Petition Date, free of the Post-Petition Deed.

The Trustee has established that he is entitled to judgment as a matter of law against Nancy Belcher and against Joshua Belcher, to avoid the Post-Petition Deed and quiet title to the Estate's interest in the Real Property.

## Conclusion

For the above and foregoing reasons, the Trustee's Motion for Summary Judgment against Defendants Nancy Belcher and Joshua Belcher (ECF No. 34) is **granted.**

A separate judgment will be entered.

###