**Dated: June 24, 2026**

 **The following is ORDERED:**



*Paul R. Thomas*

PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES WYTT BELCHER, | Case No. 24-80319-PRT |
| | Chapter 7 |
| Debtor. | |

LUKE HOMEN, CHAPTER 7 TRUSTEE,

        Plaintiff,

v.                                    Adversary Case No. 25-08008-PRT

JAMES WYTT BELCHER;
NANCY LEE BELCHER; and
JOSHUA BELCHER,

        Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff Luke Homen's, Chapter 7 Trustee, ("Trustee") Motion for

Default Judgment against Defendant and Debtor James Wytt Belcher (ECF No. 48) ("Debtor").

After review of the record and applicable legal authorities, the Court finds that the Trustee is

entitled to entry of default judgment against Defendant James Wytt Belcher.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2).

## Background

On April 23, 2025, the Trustee commenced this adversary case by filing a Complaint pursuant to 11 U.S.C. §§ 362, 541, 542, 543, 544, 549 and 550 seeking damages for violation of the automatic stay, to determine the validity, priority and value of Debtor's interest in real property, to quiet title, declaratory relief, avoidance of postpetition transfer, recovery of avoided transfer and to compel turnover of property of the estate (the "Complaint").[1] Specifically, the Trustee seeks to take possession of real estate located in Atoka County that was listed on the Debtor's bankruptcy schedules. A Summons was issued to the Debtor by the Clerk of the Bankruptcy Court on April 23, 2025, which included the following notice:

> IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT. [2]

Service of the Complaint and Summons on the Debtor and his bankruptcy counsel Jeffery Potts was made by U.S. first class mail on April 24, 2025.[3] The Debtor did not file an Answer. A Clerk's Default was requested by the Trustee on June 18, 2025.[4] On

---

[1] Complaint, ECF No. 1.
[2] Summons, ECF No. 2.
[3] Return of Service, ECF No. 4.
[4] Request for Entry of Default by Clerk against James Wytt Belcher, ECF No. 25.

July 8, 2025, the Court Clerk entered default against the Debtor James Wytt Belcher.[5]

Co-Defendants Nancy Lee Belcher and Joshua Belcher, proceeding pro se, each filed an

answer claiming the property had been transferred from the Debtor to Nancy Belcher

pursuant to a prepetition divorce settlement that was mistakenly not signed or recorded

until after the Debtor's bankruptcy was filed.[6] Plaintiff Trustee Luke Homen filed a

Motion for Summary Judgment against Nancy Belcher and Joshua Belcher.[7] Neither

Nancy Lee Belcher nor Joshua Belcher responded to the Trustee's Motion for Summary

Judgment. The Trustee's Motion for Summary Judgment was granted on October 9,

2025.[8] This Court made extensive Findings of Fact in that Order. Thereafter, Defendant

Nancy Belcher filed a Motion to Vacate Summary Judgment.[9] Attached as exhibits to the

Motion included an Affidavit of James Wytt Belcher (Debtor and Defendant), a Durable

Power of Attorney that purported to appoint the Debtor as her attorney-in-fact to act as

her agent in all bankruptcy matters, a Statement of Facts prepared by the Debtor as her

Agent, and case filings from their divorce case in Choctaw County. The Debtor also filed

a Witness List on behalf of Nancy Belcher which included a signed Declaration of James

W. Belcher referencing the power of attorney attached to the Motion to Vacate, stating

---

[5] Clerk's Entry of Default, ECF No. 28.

[6] Amended Answer of Joshua Belcher, ECF No. 23. Answer of Nancy Belcher, ECF No. 26.

[7] Plaintiff and Chapter 7 Trustee Luke Homen's Motion for Summary Judgment, with Brief in Support, ECF No. 34.

[8] Order Granting Plaintiff's Motion for Summary Judgment against Nancy Belcher and Joshua Belcher, ECF No. 35. *See also* Judgment, ECF No. 36. This Order contains findings of fact regarding the history of the real property in dispute, including its original ownership by the Debtor and Nancy Belcher, conveyance of the real property to the James and Nancy Belcher Revocable Trust, court records regarding the Belchers' divorce, and land records regarding the real property.

[9] Motion to Vacate, ECF No. 38.

that he was available to testify regarding the issues presented in the Motion.[10] This Court held a hearing on the motion. The Debtor appeared at the hearing and presented arguments on behalf of Defendant Nancy Belcher and himself. Thereafter, this Court entered its Order denying Nancy Belcher's Motion to Vacate.[11]

On February 9, 2026, the Trustee filed a Motion for Default Judgment against Defendant and Debtor James Wytt Belcher ("Motion for Default").[12] The Debtor filed an objection.[13] The Debtor appeared at the hearing on the Motion for Default and presented his arguments to this Court. The Debtor argued that: he never received the original Complaint or Summons, although he did not dispute that the Trustee had mailed the Complaint and Summons; he had good cause not to file an answer to the Complaint because he did not own the real estate at issue; he has meritorious defenses and supporting evidence to the Motion for Default including his divorce from Co-Defendant Nancy Belcher, their property division; his failure to file an Answer was not willful or unreasonable; and that entry of a default judgment against him would be a harsh remedy given the circumstances and available evidence he would present at a trial on the merits.

<u>**Previous Findings of Fact**</u>

Because the Debtor argues the merits of this case and has offered certain evidence regarding his divorce from Co-Defendant Nancy Belcher, the Court restates and incorporates its previous Findings of Fact entered in the Order Granting Summary Judgment to the Trustee.[14]

---

[10] Witness List, ECF No. 43.
[11] Order Denying Motion to Vacate, ECF. No. 46.
[12] Motion for Default Judgment, ECF No. 48.
[13] Objection, ECF No. 54.
[14] ECF No. 35.

1. The Answers to the Complaint filed by Defendants Joshua Belcher and Nancy Belcher do not deny any of the allegations contained within the Complaint, instead denying only the relief requested. J. Belcher Am. Answer, ECF No. 23; N. Belcher Answer, ECF No. 26.

2. Prior to the Petition Date, as hereafter defined, on or about November 20, 2013, the Debtor and Nancy Belcher acquired by joint tenancy warranty deed interest in certain real property more particularly described as follows, to-wit:

> A tract of land beginning at the SW corner of the following described tract: That part of NW/4 of SW/4 lying South of State Highway No. 3 and 7 in Section 3, Township 3 South, Range 12 East, of the Indian Base and Meridian, (LESS AND EXCEPT the following tracts: Beginning at a point 122 feet North and 16.5 feet East of the Southwest corner of the NW/4 of SW/4 of said section, thence East a distance of 100 feet, thence North a distance of 200 feet, thence West a distance of 100 feet, thence South a distance of 200 feet to the point of beginning; and Commencing at the SW corner of the NW/4 of the SW/4, thence N 89°58'40" E a distance of 756.20 feet to the point of beginning, thence continuing East along said line a distance of 322.90 feet to the Southerly right-of-way of State Highway No. 3 & 7, thence N 56°46'31" W a distance of 313.78 feet along the said right of way, thence S 19°20'50" W a distance of 182.35 feet to the point of beginning), said point being the true point of beginning, Thence South a distance of 660 feet along the County Road known as Sawmill Road, thence East 330 feet to a point, Thence North 660 feet to a point, Thence West 330 feet to the point of beginning, being in all 5 acres, more or less.

(the "Real Property"). The warranty deed was recorded in Book 847 at Page 13 in the office of the County Clerk of Atoka County, Oklahoma (the "County Clerk"), on November 20, 2013. Complaint, ECF No. 1, Ex. 1.

3. Thereafter, the Debtor and Nancy Belcher transferred by quit-claim deed their interest in the Real Property to the James and Nancy Belcher Trust dated October 4, 2018 (the "Trust"). The quit-claim deed was recorded in Book 918 at Page 433 in the office of the County Clerk, on November 5, 2018 (the "Quit-claim Deed"). Complaint, ECF No. 1, Ex. 2.

4.     The Trust is a revocable trust. J. Belcher Am. Answer, ECF No. 23, ¶ 2 ("[T]he property is held in a revocable trust…").

5.     The Quit-claim Deed explicitly provides "[t]his Deed is made to a Revocable Trust, wherein the Grantor, Grantee and Trustee are all one and the same. Under Oklahoma law the ownership of this property continues without a break or change of ownership…" Complaint, ECF No. 1, Ex. 2.

6.     On March 1, 2022, Nancy Belcher filed a Petition for Dissolution of Marriage against the Debtor in a matter entitled *In re the marriage of Nancy Belcher and James Belcher*, District Court of Choctaw County, State of Oklahoma ("Choctaw County"), Case No. FD-2022-10 (the "Divorce"). Complaint, ECF No. 1, Ex. 3.[15]

7.     On June 22, 2022, Choctaw County entered an order (the "Order") which provides "Parties appear by and through counsel and Court grants Divorce based upon incompatibility and property division should be submitted later." Complaint, ECF No. 1, Ex. 4.

8.     On April 30, 2024 (the "Petition Date"), the Debtor filed his Voluntary Petition pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Case No. 24-80319, ECF No. 1 (the "Bankruptcy Case").

9.     As of the Petition Date, no pleadings were filed of record in the Divorce subsequent to the Order. Complaint, ECF No. 1, Ex. 3; J. Belcher Am. Answer, ECF No. 23, ¶ 2; N. Belcher Answer, ECF No. 26, ¶ 2.

---

[15] "Courts may take judicial notice of proceedings in other courts, including in a state court proceeding, if those proceedings have a direct relation to matters at issue in this case." *In re Levings*, 2019 WL 1418701, at *2 (Bankr. E.D. Okla. Mar. 27, 2019).

10. As of the Petition Date, no further instruments or documents relating to the Real Property had been recorded with the County Clerk to include the Order or any other pleading from the Divorce. *See* J. Belcher Am. Answer, ECF No. 23; N. Belcher Answer, ECF No. 26.

11. On May 30, 2024, the Debtor filed a schedule of assets and liabilities pursuant to Section 521(a)(1)(B)(i) of the Bankruptcy Code and Rule 1007(b)(1)(A) of the Bankruptcy Rules ("Schedules"). Bankruptcy Case, ECF No. 69. The Debtor's Schedules disclose the Debtor's joint tenancy interest in the Real Property and do not disclose Nancy Belcher as a creditor. Bankruptcy Case, ECF No. 69, 5.

12. On May 30, 2024, the Debtor filed a statement of the Debtor's financial affairs pursuant to Section 521(a)(1)(B)(iii) of the Bankruptcy Code and Rule 1007(b)(1)(D) of the Bankruptcy Rules ("SOFA"). Bankruptcy Case, ECF No. 72.

13. The Debtor's SOFA represents that the Debtor is married. Bankruptcy Case, ECF No. 72, 2.

14. Moreover, the Debtor's SOFA does not disclose the Divorce, any transfer of or competing interest in the Real Property, nor any transfers or gifts to Nancy Belcher. Bankruptcy Case, ECF No. 72.

15. On June 6, 2024, pursuant to Section 343 of the Bankruptcy Code, the Debtor appeared and submitted to examination under oath at a meeting of creditors held pursuant to Section 341 of the Bankruptcy Code and Rule 2003 of the Bankruptcy Rules (the "Meeting of Creditors"). Bankruptcy Case, ECF No. 93.

16. At the Meeting of Creditors, the Debtor testified he was married to Nancy Belcher. Complaint, ECF No. 1, Ex. 5:57.

17. Further, when asked if the Debtor and Nancy Belcher ever "divvied up any property as a result of the divorce," the Debtor responded "[n]o, not as far as I know." Complaint, ECF No. 1, Ex. 5:58.

18. On July 3, 2024, the Court entered an Order converting the Bankruptcy Case from a proceeding under Chapter 11 to one under Chapter 7 of the Bankruptcy Code. Bankruptcy Case, ECF No. 145.

19. On July 8, 2024, pursuant to Section 701 of the Bankruptcy Code, the Trustee was appointed bankruptcy trustee in the Bankruptcy Case. Bankruptcy Case, ECF No. 149.

20. On September 30, 2024, the Debtor filed Amended Schedules. Bankruptcy Case, ECF No. 232.

21. The Debtor's Amended Schedules disclose the Debtor's joint tenancy interest in the Real Property and do not disclose Nancy Belcher as a creditor. Bankruptcy Case, ECF No. 232, 6.

22. On September 30, 2024, the Debtor filed an Amended SOFA. Bankruptcy Case, ECF No. 235.

23. The Debtor's Amended SOFA represents that the Debtor is married. Bankruptcy Case, ECF No. 232, p. 6.

24. Moreover, the Debtor's Amended SOFA does not disclose the Divorce, any transfer of or competing interest in the Real Property, nor any transfers or gifts to Nancy Belcher.

25. On March 31, 2025, an Agreed Decree of Dissolution of Marriage (the "Divorce Decree") was filed in the Divorce, which purports to award the Real Property to Nancy Belcher. ECF No. 1, Ex. 7; ECF No. 23, ¶ 2; ECF No. 26, ¶ 2.

26. On or about April 10, 2025, the Debtor and Nancy Belcher executed, before a

notary public, a quit claim deed purportedly conveying the Real Property to Nancy Belcher (the "Post-Petition Deed"). Complaint, ECF No. 1, Ex. 9.

### Analysis

The Trustee seeks entry of a default judgment against the Debtor granting the same relief provided in this Court's previous orders and judgments against Co-Defendants Nancy Belcher and Joshua Belcher based on the particular facts of this case. The Trustee notes that the Debtor never filed an answer or responsive pleading to the Complaint on his own behalf, although he is obviously aware of this case. The Debtor filed pleadings on behalf of Co-Defendant Nancy Belcher, filed a written objection to the Motion for Default, and participated in two hearings in this case. He submitted exhibits to this Court during hearings as well as attached exhibits to pleadings. His arguments and exhibits address the merits of the Trustee's case. However, he did not file an answer or responsive pleading as contemplated by Fed. R. Civ. P. 7 and 8.

Fed. R. Civ. P. 55, made applicable in an adversary proceeding by Fed. R. Bankr. P. 7055, addresses the entry of default by the Court Clerk and entry of default judgment by the Court. The Court Clerk may enter default where a party properly served has failed to plead or otherwise defend and an affidavit is submitted establishing this failure. Fed. R. Civ. P. 55(a). By failing to submit an answer or other pleading denying the factual allegations of a plaintiff's complaint, a defendant admits those allegations and plaintiff has no further burden to prove its case factually. Fed. R. Civ. P. 8(b)(6); *Olcott v. Del. Flood Co.,* 327 F.3d 1115, 1125 (10th Cir. 2003). Once default has been entered, Fed. R. Civ. P. 55(b)(2) provides that the entry of a judgment by default by the Court requires an application and written notice to a party who has appeared personally or by a representative at least seven days prior to a hearing on the application. Local Rule 7055-1 supplements Fed. R. Civ. P. 55 and requires that a party seeking

entry of a default judgment must file a motion and notice of motion and serve on the defendant and the defendant's attorney.[16]

Judgments by default are generally disfavored by courts as there is a strong policy favoring resolution of disputes on the merits.[17] However, granting a motion for entry of a default judgment pursuant to Fed. R. Civ. P. 55 is within a court's discretion, and may be appropriate based upon the facts of the case and the conduct of the parties.[18] "[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444-45 (10th Cir. 1983) (citations omitted). After reviewing the Debtor's arguments and case file, the Court finds that it is appropriate to grant the Trustee's Motion for Default Judgment against the Debtor.

The Debtor argues that he should be excused for his failure to file an answer because he never received the Complaint or Summons and the Trustee cannot provide proof of service. The record reflects that the Debtor and his then-attorney each were properly served with the Complaint and Summons over a year ago. Pursuant to the Return of Service filed on May 5, 2025, the Debtor was served with the Complaint and Summons on April 24, 2025 by first class mail postage prepaid in accordance with Fed. R. Bankr. P. 7004(b) to the address the Debtor

---

[16] ECF No. 51. The Trustee filed his Motion for Default Judgment and on February 10, 2026, more than thirty days prior to the hearing, he personally served the Debtor by U.S. Mail at the address Debtor provided to the Court.
[17] *See In re Mendez,* 444 B.R. 439, 443 (Bankr. D.N.M. 2011) citing *Ruplinger v. Rains (In re Rains),* 946 F.2d 7321, 732 (10th Cir. 1991).
[18] *See Gomes v. Williams,* 420 F.2d 1364 (10th Cir. 1970).

listed on his bankruptcy petition.[19] The Debtor never filed a responsive pleading and was found in default by the Clerk of Court. Service by mail is considered complete upon mailing.[20] Federal courts adhere to the "Mailbox Presumption" wherein "[a] proper mailing of the summons and complaint raises a rebuttable presumption of due delivery to the addressee. Accordingly, the burden to present 'strong and convincing proof' of insufficiency of service rests upon the defendant."[21] The Debtor concedes that he resides at this address. He received the Motion for Default Judgment mailed to this address as he filed an objection. The Debtor has presented no convincing proof that he did not receive service of the Complaint and Summons. Moreover, he had actual notice of this case and that he was a named Defendant since he appeared and acted on behalf of Co-Defendant Nancy Belcher in earlier proceedings in this case.

The Debtor also argues that his failure to file a formal answer was because he did not believe he was a proper defendant in this case and did not own the property in question. This argument concedes that he did receive the Complaint and Summons as review would be required before he could determine that he had no need to file a response. Setting aside that fact, such a belief is precisely the reason why a defendant must file a response, so that the other parties and the Court know what defenses he has to the Complaint. Fed. R. Civ. P. 8(b)(1) specifically states that a party "must (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." If a party denies

---

[19] ECF No. 4. This is the same address provided by the Debtor in his Objection, ECF No. 54.
[20] *Saffa v. Wallace (In re Wallace)*, 316 B.R. 743, 747 (B.A.P. 10th Cir. 2004); Fed. R. Bankr. P. 9006(e).
[21] *Renfrow v. Pettigrew (In re Renfrow)*, 2018 WL 4354374 *7 (Bankr. N.D. Okla. Sept. 11, 2018) (citations omitted).

the allegations in the Complaint, he "must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). The Debtor's reasons for not filing a formal response to the Complaint appear self-serving at this stage. His decision was intentional, and he has failed to establish excusable neglect. Therefore, the Court finds no basis to deny a default judgment on these grounds.

The Debtor's remaining arguments go to the merits of the Trustee's case and the Debtor's defense. His defense rests on what he views as a misunderstanding between himself, Co-Defendant Nancy Belcher, and their attorneys regarding their prepetition divorce and unrecorded division of their property. The Court is very familiar with his defense. It detailed the facts of his case, his divorce, the status of the land records at the date he filed his bankruptcy petition, and his testimony at his 341 meeting in its previous Order Granting Summary Judgment and Order Denying Nancy Belcher's Motion to Vacate Summary Judgment.[22] The Debtor offered an affidavit of Co-Defendant Nancy Belcher as well as his own affidavit reciting the same information previously provided to the Court. The essence of his defense is that he and Nancy Belcher were divorced in 2022 and intended that the subject real estate would be awarded to Nancy Belcher. However, unbeknownst to them, his attorney failed to properly conclude the divorce and division of property prior to his bankruptcy case. He had no idea that the subject real estate had never been formally conveyed to Nancy Belcher until the Trustee sought to obtain possession.

This Court previously made the following findings:

> The uncontroverted facts establish that Debtor James Wytt Belcher held legal title to the Real Property on the date he filed bankruptcy. The Debtor and Nancy

---

[22] ECF Nos. 35 and 46. The Court incorporates the findings and conclusions set forth therein by reference.

Belcher obtained title to the Real Property in 2013 and recorded a warranty deed in the Atoka County Clerk's office. They transferred the Real Property to the James and Nancy Belcher Trust by Quit-claim Deed, which was recorded in the Atoka County Clerk's office November 5, 2018. On June 22, 2022, the Debtor and Nancy Belcher were granted a divorce in Choctaw County, with the Order stating that the property division should be submitted later. Two years later, the Debtor filed bankruptcy. In his Petition and Schedules, the Debtor included his joint tenancy interest in the Real Property and did not list Nancy Belcher as a creditor. The Debtor testified at his Meeting of Creditors that he was married to Nancy Belcher. He also testified that he did not believe he and Nancy had divided up their property as a result of the 2022 divorce. [23] Nancy Belcher and Joshua Belcher admitted in their Answers that the Real Property was held in a revocable trust by the Debtor and Nancy Belcher and that the Divorce Decree awarding the Real Property to Nancy Belcher was not filed of record until 2025. Therefore, based on these facts and admissions of the Debtor, the Real Property was property of the bankruptcy estate on the date of the Petition.

This Court concluded:

[T]he Trustee is entitled to the status of a bona fide purchaser of the Real Property. Using his strong-arm powers as a bona fide purchaser, he steps into the shoes of the Debtor and takes whatever interest the Debtor had in the Real Property as of the Petition Date, free of the Post-Petition Deed.

The Trustee has established that he is entitled to judgment as a matter of law against Nancy Belcher and against Joshua Belcher, to avoid the Post-Petition Deed and quiet title to the Estate's interest in the Real Property. [24]

This Court carefully analyzed the conveyances regarding the subject property as recorded in the county land records. Based on the land records, this Court concluded that the Debtor's interest in the subject real estate was property of the bankruptcy estate at the date of this Debtor's bankruptcy filing. The Debtor is simply seeking to reargue the same facts this Court has twice

---

[23] *See In re Hardy*, 319 B.R. 5, 7 (Bankr. M.D. Fla. 2004); *In re Oliver*, 414 B.R. 361, 374 (Bankr. E.D. Tenn. 2009) ("Bankruptcy statements and schedules are executed under oath and penalty of perjury, as are statements and testimony given by a debtor at his meeting of creditors.")
[24] ECF No. 35, pp. 9, 11.

considered and rejected.  He does not have a meritorious defense. The witnesses and affidavits he would offer at trial have been previously submitted to this Court and do not refute the Court's conclusion that the Trustee has prevailed on his causes of action. A denial of the Trustee's Motion at this stage would greatly prejudice the Trustee as he has expended time and costs to obtain a judgment on the merits against all defendants and personal appearances by the Debtor and Nancy Belcher. To conduct a trial on the merits at this time would be a wasteful use of this Court's and the parties' time and resources. Therefore, the Court grants the Trustee's request to accord the same relief previously ordered by this Court in its Order at ECF No. 35 and Judgment at ECF No. 36.

### Conclusion

For the above and foregoing reasons, the Trustee's Motion for Default Judgment against Defendant and Debtor James Wytt Belcher (ECF No. 48) is **granted.**

A separate judgment will be entered in accordance with the Trustee's requested relief.

### ###